U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 17 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT 13 2005
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| CCA GLOBAL PARTNERS, INC., et al., ) | |
| ) | N.D. Texas Case #3-05CV1963-H |
| Plaintiffs, ) | |
| ) | Case No.4:05CV259 JCH |
| vs. ) | |
| ) | |
| YATES CARPET, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Doc. No. 40) of the Court's September 28, 2005 Order (Doc. No. 38). In that Order, the Court had ordered the case transferred to the Northern District of Texas, denied Defendant's Motion for a More Definite Statement, and denied all outstanding motions as moot. After careful consideration, the Court will grant the Motion for Reconsideration and vacate in part the September 28, 2005 Order.

Defendant Yates is a Lubbock, Texas carpet retailer. Plaintiff CCA is based in St. Louis, Missouri, and maintains a cooperative through which members are referred business and allowed to use Plaintiffs' Registered Marks, in exchange for membership fees and other agreements. CCA alleges that Yates breached the Member Agreement by doing business with another nationwide network and thus improperly using Plaintiffs' Registered Marks.

Plaintiffs CCA Global Partners, Inc., FA Cooperative, Inc., and FA Management Enterprises, Inc. (hereinafter collectively "CCA") filed their Complaint in this Court on February 8, 2005. (Doc. No. 1). The Complaint alleges trademark infringement and unfair competition under the Lanham Act,

1

JAMES G WOODWARD CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY C. Albans
DEPUTY CLERK

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

15 U.S.C. § 1051 et seq., and state law claims for breach of contract, fraud, and unjust enrichment. Defendant brought a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Alternative Motion to Transfer. (Doc. No. 7). This Court found that it has personal jurisdiction over Defendant, but transferred the case to the Northern District of Texas, relying on Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). Plaintiffs then broughtt he instantM otion for Reconsideration. (Doc. No.4 0). The matter is now fully briefed and ready for disposition.

Plaintiffs argue that Woodke is distinguishable, and the Court agrees. In the instant case, the parties are diverse, while in Woodke, there was not complete diversity of citizenship. Woodke v. Dahm, 873 F.Supp. 179, 182-83 (N.D.Iowa 1995). The Woodke defendants did not all reside in the same district. Here, the single defendant resides in the Eastern District of Missouri. See 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). Woodke addresses this situation, stating that venue for a Lanham Act claim is proper in the district where all defendants reside. See Woodke, 70 F.3d at 986 ("it does appear that [the non-resident defendant's] absence as a defendant would render venue proper under 28 U.S.C. § 1391(b)(1) and (c) because the remaining defendants reside" in the state). See also Woodke, 873 F.Supp.a t 197 n.10 ("Woodke could have brought his Lanham Act unfair competition action in any district in which the unfair competition occurred, or any district in which any of the defendants may be found."). Hence, venue is proper in the Eastern District of Missouri for all of Plaintiffs' claims.

Plaintiffs also move to amend the case management order. (Doc. No. 33). The Court will grant the motion. An amended Case Management Order will be entered by the Court.

## CONCLUSION

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider the September 28, 2005 Order (Doc. No.40) is **GRANTED**.

**IT IS FURTHER ORDERED** thatt he portion of this Court's September 28, 2005 Order (Doc. No. 38) finding venue improper and transferring the case to the Northern District of Texas is **VACATED**.

**IT IS FURTHER ORDERED** that the portion of this Court's September 28, 2005 Order (Doc. No. 38) denying all outstanding motions as moot is **VACATED**.

**IT IS FURTHER ORDERED** that the Judgment (Doc. No. 39) transferring the case to the Northern District of Texas is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Alternative Motion to Transfer (Doc. No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend the Case Management Order (Doc. No. 33) is **GRANTED**.

Dated this 13th day of October, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com